IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBIN SCHADE, | * | |
| PLAINTIFF | * | CIVIL ACTION FILE NO: |
| v. | * | 4-13-cv-513 (CDL) |
| NEW ENERGY CORP. d/b/a NEC ELECTRICAL SUPPLY & NEAL DAWSON JR., individually | * | Jury Trial Demanded |
| | * | |
| DEFENDANTS | * | |

## INTRODUCTION

COMES NOW Plaintiff in the above styled matter and files this Complaint for damages, and in support of this Complaint shows the Court as follows, to wit:

Plaintiff Robin Schade, by and through the undersigned counsel, brings this Complaint against Defendants New Energy Corp. d/b/a/ NEC Electrical Supply ("NEC") and Neal Dawson, Jr. ("Dawson") and pleads as follows:

## SUMMARY OF ACTION

1.

This is an action for damages against Defendants arising under the Fair Labor Standards Act of 1938, as amended. 29 USC §§ 201, et seq. ("FLSA")

to recover due but unpaid overtime compensation and an additional amount as liquidated damages and to be reimbursed for her costs of litigation, including her reasonable attorneys' fees.

2.

Plaintiff was an hourly, non-exempt employee of Defendants and brings this action under the FLSA for unpaid overtime that accrued during the period of her employment with the same.

## JURISDICTION

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Middle District of Georgia, Columbus Division, under 28 U.S.C. §1391 because NEC is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## PARTIES

4.

Plaintiff in this case is a female citizen of the United States and of the State of Georgia.  For purposes of this action, she submits herself to the jurisdiction of

the Court.

5.

Plaintiff was employed by Defendants from November 28, 2011 until August 16, 2013. This makes a total of 89 weeks in Defendants' employ, rounded down.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of NEC as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of NEC as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

At all times material hereto, NEC has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

At all times material hereto, NEC was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

During 2012, NEC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

11.

During 2013, NEC had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, NEC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, NEC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2012 NEC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, NEC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, NEC was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Defendant NEW ENERGY CORP. d/b/a NEC ELECTRICAL SUPPLY in this case is a DOMESTIC corporation which has its principal place of business located at 1553-B Blanchard Blvd., Columbus, GA 31901.  Defendant NEC may be served with process at the office of its registered agent for service of process: NEW ENERGY CORP. d/b/a NEC ELECTRICAL SUPPLY c/o RONALD M. MACK, Registered Agent, 816 2nd Ave., Columbus, GA 31901.

18.

NEC is subject to the personal jurisdiction of this Court.

19.

Defendant Neal Dawson, Jr., resides within Muscogee County Georgia.

NEAL DAWSON, JR. is the President of NEW ENERGY CORP. d/b/a NEC ELECTRICAL SUPPLY, and sets the policies and procedures regarding employee compensation, he is responsible for the misclassification of hourly/non-exempt employees such that neither he, nor his company, will have to pay overtime that is otherwise required and authorized pursuant to law.  He is an employer as defined by the FLSA.  Defendant Dawson may be served with process at the location of NEC, 1553-B Blanchard Blvd., Columbus, GA 31901.

20.

At all times material hereto, Dawson exercised operational control over the work activities of Plaintiff.

21.

At all times material hereto, Dawson was involved in the day to day operation of NEC.

22.

At all times material hereto, NEC vested Dawson with supervisory authority over Plaintiff.

23.

At all times material hereto, Dawson exercised supervisory authority over Plaintiff.

24.

At all times material hereto, Dawson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

25.

At all times material hereto, Dawson exercised authority and supervision over Plaintiff's compensation.

26.

At all times material hereto, Dawson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

Dawson is subject to the personal jurisdiction of this Court.

28.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

29.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

32.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## THEORIES OF RECOVERY

## COUNT I — FAILURE TO PAY OVERTIME

33.

During the course of Plaintiff's employment with Defendants she was paid a salary of $32,000 per year in straight time, and was awarded bonus compensation of approximately $1,000 per fiscal quarter. As a result, her total yearly pay was $36,000.00. However, this remuneration did not contemplate the overtime that she worked, as set out herein below.

34.

Plaintiff normally worked 10-12 hours daily, Monday through Friday during the entire period of her employment with Defendants. As a result, Plaintiff would accrue no less than 20 hours per week of overtime for which she was not compensated. Plaintiff was expected to arrive by 7:30 a.m. or before, and would oft times not leave from work until well after 6:30 p.m.   Many times she would work through her lunch hour at the insistence of Defendant Dawson.

35.

Plaintiff was a non-exempt hourly worker, yet she was not compensated for the 20 hours per week of overtime for which she worked while in Defendants' employ.

36.

Plaintiff made a total of $36,000 per year without considering any over time. Plaintiff worked approximately 50 weeks per year for that sum; from a weekly standpoint, then, Plaintiff grossed $720/week.  This is expressed as follows:

$36,000 per year / 50 work weeks in a year = $720 per week.

37.

Dividing that $720/wk by 40 hours in a work week, it can be determined that Plaintiff's base pay was $18/hour.  This is the rate that she should have been paid for a 40 hour work week, and it is expressed as follows:

$720 a week / 40 hours a week = $18/hr.

38.

Because Defendants misclassified Plaintiff as a salaried, exempt employee, when, in fact, she was actually an hourly, non-exempt employee, Plaintiff was entitled to overtime compensation at an amount that is one and one/half (1 ½) times her normal hourly rate.  This is expressed as follows:

$18/hr x 1.5 = $27/hr. for overtime hours.

39.

As set out above and rounding down, Plaintiff was in Defendants' employ for 89 weeks.  During each of those 89 weeks she worked at least 10.5 hours of overtime for which she was not compensated at the legally mandated rate of 1.5 times her normal hourly wage.

40.

Because she was a non-exempt, hourly employee and not properly an exempt, salaried employee, Plaintiff should have been compensated for the 20 hours of overtime she worked each week at the rate of $27/per hour for the 89 weeks she worked for Defendants.  This is expressed as follows:

10.5 hrs. per wk x $27 per hr. x 89 wks. = $25,231.50 in unpaid overtime.

41.

As a result of Defendants' failure to properly pay Plaintiff her overtime wages in accordance with the law, Plaintiff is entitled to liquidated damages under the FLSA, said liquidated damages being equal to the amount of the unpaid overtime wages due and owing, in addition to the unpaid overtime wages.  This is expressed as follows:

$$\$25,231.50 \times 2 \text{ (Liq. Dam. multiplier under FLSA)} = \$50,463.00.$$

42.

Plaintiff is also entitled to attorney's fees and costs under the FLSA, which are an amount to be determined as litigation progresses.

43.

Plaintiff's job description while in the employ of Defendants was 'Inside Sales'.

44.

Plaintiff's job duties on a normal business day consisted of, inter alia: Checking emails, Entering customer quote requests into the system and emailing to outside salesmen for pricing to end user; printing, scanning, filing, and faxing customer purchase orders; Converting customer purchase orders and quotes to sales orders and ensuring that orders match quotes; Contacting vendors to obtain

cost on items for sale to customers; taking call in orders from customers; Taking walk in orders from customers; and Researching to find items for outside salesmen.

45.

None of Plaintiff's duties with Defendants bring her within the ambit of a recognized legal exemption to the requirement that she be paid minimum wage and overtime; therefore by failing to pay Plaintiff for overtime that she worked, Defendants are in violation of the FLSA. Plaintiff is entitled to her litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II---ATTORNEY"S FEES AND EXPENSES

46.

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

47.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a) that Summons issue and Defendants be served as by law provided;

b) that Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

c) that Plaintiff be awarded actual and liquidated damages as proven at trial;

d) that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

e) that all issues triable by jury be tried by a jury;

f) that all costs of this action be taxed to Defendants; and

g) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 2nd day of December, 2013.

/S/John W. Roper
John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No: 614159

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This 2nd day of December 2013.

_____
ROBIN SCHADE

Sworn to and subscribed before me
this 2nd day of December 2013.

_____
Notary Public, State of Georgia
My commission expires: 2/13/14